IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIAN RICHARDSON, ON BEHALF OF HIMSELF AND ALL OTHERS, SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br>V.<br><br>GOLD'S GYM INTERNATIONAL, INC.; AND GOLD'S TEXAS HOLDINGS GROUP, INC.,<br><br>*Defendants.* | Civ. No. 3:13-cv-04104<br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Adrian Richardson, on behalf of himself, and all others similarly situated ("Plaintiff") files this Original Complaint against Defendants Gold's Gym International, Inc. and Gold's Texas Holdings Group, Inc. (collectively, "Gold's Gym"), and would show as follows:

### I.   PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Gold's Gym for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiff alleges that Gold's Gym failed to pay him and other sales associates for all time worked. Plaintiff seeks to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and attorneys' fees. Moreover, Plaintiff seeks to certify this matter as a collective action under the FLSA.

### II.   PARTIES

2. Plaintiff Adrian Richardson is a former sales associate for Gold's Gym.

3. Defendant Gold's Gym International, Inc. is a corporation organized under the laws of Texas, and may be served through its agent for service of process, Corporation Service

1

Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant Gold's Texas Holdings Group, Inc. is a corporation organized under the laws of Texas, and may be served through its agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701..

### III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

6.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### V.     FACTUAL ALLEGATIONS

7.     At all times hereinafter mentioned, Defendants have been employers and enterprises engaged in commerce within the meaning of the FLSA.  Defendants have employees engaged in interstate commerce.  Defendants have an annual gross volume of sales made or business done of not less than $500,000.00.  In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

8.     Defendants own and operate health and fitness facilities.  Plaintiff is a former sales associate for Defendants in Dallas, Texas.  As a sales associate, Plaintiff sold new memberships and personal training sessions to potential customers.  As a sales associate,

Plaintiff did not: (a) manage an enterprise or a recognized department or subdivision of Gold's Gym; (b) direct the work of two or more employees; (c) have the authority to hire or fire other employees, nor were his suggestions and recommendations concerning hiring, firing, advancement, promotion or any other change of status of other employees given particular weight; (d) perform office or non-manual work directly related to the management or general business operations of Gold's Gym or Gold's Gym's customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from Gold's Gym's place or places of business in performing his primary duty. Moreover, the regular rate of pay of Gold's Gym's sales associates, including Plaintiff, was not in excess of one and one-half times the applicable minimum hourly rate.

9. Based on these duties and responsibilities, Gold's Gym's sales associates are clearly not exempt from the requirements of the FLSA. Indeed, Gold's Gym classifies its sales associates as not exempt from the FLSA, and pays sales associates time and one-half for all hours recorded over forty in a workweek. However, Gold's Gym has a strict policy prohibiting sales associates from working more than forty hours a week without prior approval. While limiting sales associates' hours to forty a week, Gold's Gym has a common policy or scheme of requiring sales associates to maintain a level of productivity that cannot reasonably be achieved in forty hours. As a result, sales associates routinely work off the clock, which, as a common policy or scheme, is encouraged by Gold's Gym's General Managers and Corporate Officers. Gold's Gym either knew or should have known that its sales associates were and are working off the clock.

10. For example, in the event a sales associate does record that he or she worked more than forty hours in a week, Gold's Gym's General Managers have repeatedly required sales associates to change their timecards to erroneously reflect that they had only worked forty hours.

11. Defendants' acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of forty per workweek. As described above, Defendants willfully violated Plaintiffs' right to minimum wage and overtime compensation guaranteed under the FLSA.

## V.  CAUSES OF ACTION

### FLSA

12. The preceding paragraphs are incorporated herein for all purposes.

13. Defendants Gold's Gym violated the FLSA by failing to pay sales associates for all hours worked, and time and one-half of their regular rate of pay for all hours worked over forty in a workweek.

14. As described above, Defendants acted willfully in failing to pay Plaintiffs in accordance with the FLSA. Plaintiffs are therefore entitled to back pay equal to the amount of unpaid wages and unpaid overtime for the past 36 months and an additional equal amount as liquidated damages under § 216 of the FLSA, plus attorneys' fees, post-judgment interest, and all costs of court.

15. Pursuant to Section 16(b) of the FLSA, Plaintiff brings this Complaint as a collective action, on behalf of himself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the

filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

16.     Defendants Gold's Gym has a common policy or scheme of failing to compensate sales associates for all hours worked, and failing to pay overtime for all hours worked in excess of forty in a workweek.  Therefore, the Court should certify a collective action of all current and former sales associates employed by Defendants Gold's Gym in Central Texas and North Texas at any time from October 9, 2010 to the present.  Plaintiff is informed and believe, and based thereon, allege that there are hundreds of putative FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendants Gold's Gym's records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

17.     Defendant Gold's Gym International, Inc. is a joint employer of all sales associates that perform work for Gold's Texas Holdings Group, Inc.  Defendant Gold's Gym International, Inc. (a) has the power to hire, fire, and modify the employment conditions of sales associates that perform work for Gold's Texas Holdings Group, Inc., (b) determines the rate and method of payment of all sales associates that perform work for Gold's Texas Holdings Group, Inc., and (c) maintains employment records for all sales associates that perform work for Gold's Texas Holdings Group, Inc.

## **FLSA – RECORDKEEPING VIOLATIONS**

18.     The preceding paragraphs are incorporated herein for all purposes.

19. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and other sales associates, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

## **PRAYER**

20. Plaintiff prays for judgment against Defendants as follows:

(a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standard Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiffs are entitled.

Respectfully submitted,

/s/ Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
**THE MORALES FIRM, P.C.**
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com

*ATTORNEY FOR PLAINTIFF*